Honorable James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PASCALE McATEE,<br><br>Defendant. | NO.  CR16-322 JLR<br><br>GOVERNMENT SENTENCING MEMORANDUM |

The United States of America, by Annette L. Hayes, United States Attorney, and André M. Peñalver, Assistant United States Attorney for the Western District of Washington, files this sentencing memorandum.

## I.   INTRODUCTION

This matter is set for a sentencing hearing on July 10, 2017, at 9:30 AM. Defendant Pascale McAtee is the former treasurer for the Sheet Metal, Air, Rail, and Transportation Workers Local 161 (SMART LU 161).  Over the course of four years, McAtee embezzled $82,903.66 from LU 161, and for that, she has pled guilty to union embezzlement in violation of 29 U.S.C. § 501(c).  The Plea Agreement was entered pursuant to Rule 11(c)(1)(B), and pursuant to that Agreement, the government recommends a sentence of ten months, and further requests two years of supervision.  In light of the Defendant's damage to LU 161 and its members, such a sentence is no more burdensome than necessary to comply with the factors set forth in Section 3553(a).

GOVERNMENT'S SENTENCING MEMORANDUM
*United States v. McAtee* - 1
CR16-322 JLR

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## II. FACTUAL BACKGROUND

### A. Defendant's Fraud Against SMART's LU 161

SMART is a labor union that formed in 2008 with the merger of the United Transportation Union and the Sheet Metal Workers' International Association. SMART International has local unions around the country, including SMART LU 161, a small local of approximately 90 members, mostly working in transportation jobs in the Snohomish County area.

SMART International and LU 161 have a primary function of negotiating collective bargaining agreements for their members. In exchange for that work, the union supports itself through membership dues of $47 per month, directly withdrawn from the paychecks of members.

Since 2004, Pascale McAtee has been employed as a shuttle driver of workplace shuttles in the Snohomish County area. Shortly after becoming a shuttle driver, McAtee also became a member of the LU 161. In 2010, she was elected to the position of Secretary-Treasurer, a position that includes the tasks of keeping minutes and managing the bank accounts for the local. Pursuant to the SMART constitution, all disbursements must be approved at monthly meetings, and all checks must be countersigned by the President and Secretary-Treasurer.

In 2011, McAtee stared making unauthorized electronic transfers from LU 161's BECU account to her own account or to that of her husband. In 2011, these transfers (after accounting for her stipend) added up to $12,276.97. In 2012, they ballooned to $38,843.50. In 2013, they were $4,266.15 and stopped after that. The total amount of unauthorized direct transfers between the accounts was $53,830.00.

In addition to unauthorized electronic transfers, McAtee also wrote checks to herself from the LU 161 account. Even though the written policy of LU 161 required that the President countersign all checks, McAtee signed the checks on her own. As she moved away from the electronic transfers described above, she increased the number of unauthorized checks. In 2013, she wrote herself a single unauthorized check of $600.00.

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

In 2014, she wrote a number of checks totaling $17,887.12. In 2015, the year she stepped down following a union investigation, she wrote eight checks totaling $8,604.18. In total, her unauthorized checks amounted to $27,091.30.

Among her duties as Secretary-Treasurer, McAtee was responsible for completing Form LM-3, an annual report submitted to the Department of Labor. The LM-3 requires the local union to list all disbursements to its officers. For each year that she was Secretary-Treasurer, McAtee omitted the embezzled funds from the listed disbursements, and she signed the form under penalty of perjury.

In 2015, Miguel Araujo, an investigator for the national SMART Union, investigated McAtee. In keeping with SMART's bylaws, McAtee faced a tribunal. The tribunal reviewed Araujo's investigation and McAtee's responses to the evidence. Based on that review, the tribunal determined that McAtee had embezzled funds, and it ordered her to repay a portion of those funds. It also removed her from office in LU 161.

**B. Attempts to Avoid Responsibility**

Following the union investigation, McAtee has not only maintained her innocence, but also disparaged the union and government for holding her accountable for her crimes. As the victim statements indicate, many of McAtee's fellow union members have overheard her blame the union for the loss of funds and the government for targeting her based on her status as a foreign national and leveraging her immigration status against her.

The allegations against the union have further demoralized the union membership, as the victim statements indicate. That demoralization reached a nadir when McAtee led an effort to decertify the LU 161 in the summer of 2016. As explained in Gardner and Meadows's statements, the decertification effort was an "irrational plan to dissolve the Local Union 161" with the aim of making the "charges [] go away." The near-death of LU 161 has led to lower morale, as Gardner explains: "the[re] is no moral[e] left in the union."

GOVERNMENT'S SENTENCING MEMORANDUM
*United States v. McAtee* - 3
CR16-322 JLR

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

### C. Charges and Guilty Plea

On December 7, 2016, a Grand Jury charged McAtee with one count of Embezzlement from a Labor Organization, 29 U.S.C. § 501(c) and three counts of False Statements to a Government Agency, 18 U.S.C. § 1001, for false statements in her annual LM-3 reports. On April 7, 2017, McAtee pled guilty to her embezzlement charge.

### III. DEFENDANT'S CRIMINAL HISTORY AND ADVISORY RANGE

The parties agree on the following advisory Guidelines calculation:

| | |
|---|---|
| Base Offense Level, USSG § 2B1.1(a) | 6 |
| Loss Amount Greater than $40,000, USSG § 2B1.1(b)(1)(D) | 6 |
| Acceptance of Responsibility, USSG § 3E1.1 | [2] |
| **Total Adjusted Offense Level** | **10** |

The parties agree that the Defendant falls into Criminal History Category I. With an adjusted offense level of 10 and Criminal History Category I, the Defendant's guideline range is 6-12 months.

### IV. GOVERNMENT'S SENTENCING RECOMMENDATION

McAtee broke the trust of LU 161, stole $82,903.66, and then did her best to destroy LU 161 to cover up her crime. A sentence of ten months is appropriate in light of the seriousness of the offense and to provide just punishment as well as to deter similar criminal conduct by others.

#### A. Seriousness of the Offense and Need for Just Punishment

Over the course of four years, using numerous bank accounts, wire transfers, and unauthorized checks, McAtee stole $82,903.66 from LU 161, all while maintaining a position of trust as the bookkeeper ("[M]any of us looked up to her over time. We relied on her," Anderson wrote.)

LU 161 has about 90 members who support the union with payments of $47 per paycheck. With numbers such as that, the theft of over $80,000 has had a dire impact on the local. Since McAtee's scheme was uncovered, LU 161 has barely survived a number

GOVERNMENT'S SENTENCING MEMORANDUM
*United States v. McAtee* - 4
CR16-322 JLR

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

of hardships, from overdue taxes and penalties (directly tied to the bank account that McAtee drained), to the near rejection of the recent contract by a dejected membership, to the near decertification of the Local itself (instigated by McAtee in an attempt to avoid these charges).  As is clear from these examples, the consequences, both for LU 161's effectiveness and the morale of its membership, has been out of proportion to the actual monetary loss.  The Court should consider these additional factors in sentencing McAtee to ten months.

### B. Deterrence of Criminal Conduct

McAtee was only able to continue with her crime because of the lack of oversight in LU 161.  In such a small local, there was nobody to review her checks and bank statements.  Those same circumstances apply to many small organizations and businesses, and they make for an easy victim.  A sentence of ten months here may deter other bookkeepers and treasurers from following McAtee's example.

### C. Appellate Waiver

As set forth in paragraph 14 of the Plea Agreement, Defendant has waived her right to appeal the sentence imposed in this case if the sentence does not exceed the applicable Guidelines range determined by the Court at the time of sentencing.  If the Court imposes a sentence within the applicable Guidelines range or less, the government respectfully requests the Court notify the Defendant pursuant to Rule 32(j)(1)(B), that she has waived her appeal rights except as to the effectiveness of legal representation.  Otherwise, the government requests the Court notify the Defendant of her right to appeal the sentence as set forth in Title 18, United States Code, Section 3742.

//
//
//
//
//
//

GOVERNMENT'S SENTENCING MEMORANDUM
*United States v. McAtee* - 5
CR16-322 JLR

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## V. CONCLUSION

Defendant Pascale McAtee broke the trust of her union and fellow members, stole $82,903.66, and did her best to destroy LU 161 rather than face the consequences. A custodial sentence of ten months followed by two years of supervision is no more burdensome than necessary to address the factors of Section 3553.

DATED this 22nd day of August, 2017.

        Respectfully submitted,

        ANNETTE L. HAYES
        United States Attorney

        s/ *André M. Peñalver*
        ANDRÉ M. PEÑALVER
        Assistant United States Attorney
        United States Attorney's Office
        1201 Pacific Avenue, Suite 700
        Tacoma, WA 98402
        Telephone: (253) 428-3800
        Fax: (253) 428-3826
        E-mail: andre.penalver@usdoj.gov

GOVERNMENT'S SENTENCING MEMORANDUM
*United States v. McAtee* - 6
CR16-322 JLR

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

|   |   |
|---|---|
| 1 | <u>CERTIFICATE OF SERVICE</u> |
| 2 | I hereby certify that on August 22, 2017, I electronically filed the foregoing with |
| 3 | the Clerk of Court using the CM/ECF system which will send notification of such filing |
| 4 | to the attorney of record for the defendant. |

*s/Jennifer Shauberger*
JENNIFER SHAUBERGER
Legal Assistant
United States Attorney's Office
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
Phone: 253-428-3800
FAX:   253-428-3826
E-mail: Jennifer.Shauberger@usdoj.gov

GOVERNMENT'S SENTENCING MEMORANDUM
*United States v. McAtee* - 7
CR16-322 JLR

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800